IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM J. DODD, 211-178, SID #1249385    *

Plaintiff    *

v    *    Civil Action No. ELH-15-1684

RICHARD DOVEY, WARDEN,    *

Defendant    *
\*\*\*

**MEMORANDUM**

William Joseph Dodd, Jr. is a self-represented litigant incarcerated at the Jessup Correctional Institution ("JCI") in Jessup, Maryland. He filed suit against Richard Dovey, the Warden at the Maryland Correctional Institution in Hagerstown ("MCI-H"), as well as a motion to proceed in forma pauperis.[1] ECF 1, 2. He will be granted leave to proceed in forma pauperis for the purpose of preliminary review.

Dodd claims that JCI and MCI-H have "hot wires to make you bleed out of the buttock." ECF 1 at 3. He also asserts that the "walls have holes with nails going through and metal mix [sic] with the pain that they have on the cell walls." As relief, he asks for "consisteney for the pain and suffering that I have been through in all institution [sic]."[2]

---

[1] Dodd initially filed the complaint in the District Court for Queen Anne's County, which forwarded the complaint and motion to proceed in forma pauperis to this court. ECF 1. The complaint is written on pre-printed court approved forms for filing a complaint under 42 U.S.C. §1983.

[2] In an earlier filed complaint, Dodd claimed high voltage currents in the prison walls and beds were intended to brainwash inmates and encourage suicide. *See Dodd v. Warden*, ELH-14-3677 (D. Md. 2015). Dodd's allegations appeared delusional and suggested he was in danger of causing harm to himself and/or to others. Thus, the court required an expedited response from counsel for the Division of Correction. On December 15, 2014, counsel filed an answer and supporting declaration indicating that a psychiatrist evaluated Dodd on December 9,

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" must be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court is required to screen initial filings, *see Eriline Company v. Johnson*, 440 F.3d 648, 656–657 (4th Cir. 2006), and "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

This court is mindful that the pleadings of pro se litigants are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, factual allegations in a complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

Further, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion'. . . ." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal citations omitted); *see also Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a "patently insubstantial

---

2014, and concluded plaintiff did not appear to be a danger to himself or others and that Dodd agreed to participate in treatment and follow-up care. On February 13, 2015, the response, treated as a motion for summary judgment, was granted and the case was closed.

complaint ... for want of subject-matter jurisdiction." *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6, (1989).  If at any time the court determines subject matter jurisdiction is lacking, the case must be dismissed. *See* Fed.R.Civ.P. 12(h)(3).  The court so finds in this case.

Accordingly, it is this 15th day of June 2015, by the United States District Court for the District of Maryland, hereby ordered:

1. The motion for leave to proceed in forma pauperis IS GRANTED;

2. The case IS DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B);

3. The Clerk SHALL CLOSE this case;  and

4. The Clerk SHALL SEND a copy of this Order to plaintiff.

_____/s/_____
Ellen L. Hollander
United States District Judge